IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SORETHA STATEN, | * | |
| Plaintiff, | | |
| v. | * | |
| STATE OF MARYLAND | * | Civil Action No. RDB-07-3409 |
| DEPARTMENT OF LABOR, | | |
| LICENSING AND REGULATION, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * *

## MEMORANDUM OPINION

*Pro se* Plaintiff Soretha Staten ("Staten") alleges that the State of Maryland Department of Labor, Licensing, and Regulation ("Defendant" or the "DLLR") unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), when it denied her request for increased pay and subsequently terminated her position in the Office of Legal Counsel (the "Office"). Pending before this Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Paper No. 32). In a previous Memorandum Opinion (Paper No. 18), this Court addressed Defendant's Motion to Dismiss (Paper No. 13), thus it must treat the pending motion as a motion for summary judgment. The issues have been fully briefed by the parties and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons provided below, Defendant's Motion for Summary Judgment (Paper No. 32) is GRANTED.

## BACKGROUND

The complete factual and procedural background of this case has been fully set forth in this Court's March 18, 2009, Memorandum Opinion (Paper No. 18) and a lengthy discussion herein is not necessary.

Soretha Staten is an African American woman who began her employment with the State of Maryland Department of Labor, Licensing, and Regulation as a contractual employee in January 1981. In November 2002, Staten was assigned to the newly created Office of Legal Counsel as an Unemployment Insurance Specialist Supervisor, under the supervision of attorney Michael Taylor. Summ. J. Mem. Ex. A. at ¶ 3, 4. Shortly after Staten's reassignment to the Office, Taylor took approximately twelve months of sick leave before his employment was terminated in June of 2005. *Id.* Ex. B at ¶ 5. During his time of absence, Staten assumed some of Taylor's duties and responsibilities. Staten Depo. at 67. However, Staten concedes that she could not perform any of Taylor's duties that required him to be admitted to the practice of law because she is not an attorney. *Id.* at 69.

In November 2005, Staten submitted a request for acting capacity pay, in which she petitioned for a higher classification and pay grade based upon her claimed assumption of Taylor's duties. Summ. J. Mem. Ex. B. at ¶ 13. The DLLR conducted an acting capacity study, and found that Staten should receive an increase of two grades – from her current Grade 14 to Grade 16. *Id.* However, the DLLR's Director of the Division of Unemployment Insurance, Thomas Wendel ("Wendel"), instead approved a one-grade increase upgrading Staten to Grade 15, stating that a two-grade increase would have "put her out of conformity with employees in the claim centers and other employees in the division." Decl. of Thomas Wendel ¶ 7. On May 5, 2006, Staten filed a grievance claiming she was wrongfully denied acting capacity pay and requesting permanent reclassification to Taylor's grade level, Grade 22. Summ. J. Mem. Ex. A at ¶ 7. In January 2007, the parties settled Staten's formal grievance, and she was awarded fifteen months back pay at Grade 16. Summ. J. Mem. Ex. A at ¶ 7.

Case 1:07-cv-03409-RDB   Document 36   Filed 03/26/10   Page 3 of 8

In 2005, the amount of work needed to be completed by employees of the Office of Legal Counsel dramatically decreased. Before 2005, the DLLR interpreted its own regulations to require that Office staff were necessary at unemployment insurance appeal hearings to act as witnesses and authenticate exhibits. *Id.* Ex. B at ¶ 8; COMAR 09.32.06.02I. However, in late July 2005, the DLLR altered its interpretation of this regulation such that Office staff would no longer be necessary to authenticate records in every case, thus the Office's employees' responsibilities substantially shrank. *Id.* ¶ 9. At around this time, Wendel became concerned about the DLLR's projected $8 million shortfall for the upcoming fiscal year and began looking for ways to cut costs. *Id.* ¶ 10-11. Wendel realized that he could save the agency a significant amount of money by abolishing Taylor's unfilled position and transferring the remaining three Office employees – including Staten – to other positions within the DLLR. *Id.* In October 2006, Staten was transferred to a different department and reassigned to her original classification of Unemployment Specialist Supervisor, a Grade 14 position, since she was no longer performing the additional duties that had supported the acting capacity pay status. *Id.* Ex. A at ¶ 3. Once the Office's three employees were reassigned to new positions, the DLLR disbanded the Office of Legal Counsel.

On December 20, 2007, Staten filed this lawsuit, alleging racial and gender discrimination and retaliation in violation of Title VII. On March 18, 2009, this Court issued a Memorandum Opinion (Paper No. 18) granting Defendant the DLLR's Motion to Dismiss with respect to Staten's race and gender discrimination claims, but denying the DLLR's Motion to Dismiss with respect to Staten's retaliation claim. Accordingly, Staten was permitted a period of discovery with respect to this sole remaining issue in the case.

3

## STANDARD OF REVIEW

If the court considers matters outside of the pleadings on a Rule 12(b)(6) motion, it must treat the motion as one for summary judgment and provide all parties a "reasonable opportunity to present all material made pertinent to such a motion." Fed. R. Civ. P. 12(b). "When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious."). In this case, Staten had more than adequate notice that the DLLR's motion could be treated as one for summary judgment. The DLLR deposed Staten, and filed two affidavits and numerous documents as exhibits to its motion. The alternative caption of the DLLR's motion and these attached materials are in themselves sufficient indicia of possible resolution of the motion on summary judgment. *See Laughlin*, 149 F.3d at 260-61. Furthermore, this Court has already ruled on the DLLR's previous Motion to Dismiss (Paper No. 13). Accordingly, resolution of the claims against the DLLR on summary judgment is appropriate.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to

determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). After the moving party has established the absence of a genuine issue of material fact, the nonmoving party must present evidence in the record demonstrating an issue of fact to be resolved at trial. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW*, 187 F.3d 415, 422 (4th Cir. 1999)). Summary judgment will be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

The DLLR argues that summary judgment should be granted in its favor with respect to Staten's remaining retaliation claim. To state a *prima facie* case of retaliation under Title VII, Staten must demonstrate that: (1) she engaged in a protected activity; (2) the DLLR acted adversely against her; and (3) the protected activity and the adverse action were causally connected. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007). Under the *McDonnell Douglas* burden-shifting framework, once Staten establishes a *prima facie* case, the burden shifts to the employer to provide a legitimate nondiscriminatory reason for the adverse actions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002) (noting that retaliation claims are evaluated under the *McDonnell Douglas* framework). If the employer is able to

provide a legitimate reason for its adverse treatment, the burden shifts back to the plaintiff to show that the reason is "mere pretext for retaliation by proving both that the reason was false, and that discrimination was the real reason for the challenged conduct." *Holland*, 487 F.3d at 218 (internal quotation marks omitted).

I. **Staten was Not Engaged in Protected Activity**

Staten has produced no evidence that she was engaged in a protected activity when she filed her grievance. If a plaintiff shows that she opposed discriminatory practices by "complain[ing] to his or her employer or participat[ing] in an employer's informal grievance procedure in an orderly and nondisruptive manner," then the employee's activities are entitled to protection. *Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999). A plaintiff's complaint to her employer, however, must be about unlawful employment practices that she reasonably believes are unlawful. *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338-39 (4th Cir. 2006). Filing a complaint is not protected activity when it fails to make any allegations about discrimination based upon a protected characteristic. *See, e.g., Balazs v. Liebenthal*, 32 F.3d 151, 156 (4th Cir. 1994) (holding that "the filing of a sworn charge of discrimination with the EEOC is a mandatory prerequisite to the validity of the charge.").

Staten has simply not alleged that she ever complained to the DLLR about discrimination or other unlawful employment practices prior to her transfer. In her Complaint, Staten alleges that she was retaliated against when the DLLR disbanded the Office of Legal Counsel shortly after she refused to withdraw her grievance asserting entitlement to greater pay. However, Staten made no allegations of discriminatory activity by the DLLR in this grievance. Rather, Staten's grievance states plainly that she deserved an upgrade in pay because she was doing her supervisor's work. Summ. J. Mem. Ex. E. Thus, Staten's grievance may have generally alleged

unfair treatment, but it did not allege discrimination. There is no reason to believe that Wendel or any other supervisor would have reasonably interpreted Staten's grievance as opposition to race or gender discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995) (holding in an age discrimination case that "[a] general complaint of unfair treatment does not translate into a charge of illegal age discrimination."). Since Staten has failed to show that she engaged in protected activity when she filed her grievance, her unlawful retaliation claim must be dismissed.

## II. The DLLR had Legitimate and Non-Discriminatory Reasons for Disbanding the Office of Legal Counsel

Even assuming that Staten was engaged in a protected activity and could establish a prima facie case of discrimination, her retaliation claim still fails because the DLLR has offered a legitimate, nondiscriminatory reason for disbanding the Office of Legal Counsel and transferring Staten. The Fourth Circuit has stated that in cases involving termination: "when an employer gives a legitimate, nondiscriminatory reason for discharging the plaintiff, 'it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination.'" *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) (quoting *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998)). A Court should not second-guess an employer's appraisal. *Hawkins*, 203 F.3d at 280. Rather, the Court's sole concern should be "whether the reason for which the defendant discharged the plaintiff was discriminatory." *Id.* (quoting *DeJarnette*, 133 F.3d at 299). In the first instance, Staten has never been discharged, and in fact is still employed by the DLLR. Nonetheless, the Fourth Circuit's reasoning equally applies to an agency's decision to eliminate an unnecessary office and transfer those employees elsewhere. The DLLR has shown that it was facing a large fiscal shortfall and that the Office was no longer needed to perform the work for which it had

been created. As a result, the Office and Staten's position were rendered unnecessary. Staten has offered no evidence to demonstrate that the budgetary concerns and policy change were not legitimate reasons for disbanding the office and transferring her to a department that had a real need for her abilities. Accordingly, even if Staten could establish a prima facie case of retaliation, she has not rebutted the DLLR's legitimate business reasons for disbanding the Office.

## CONCLUSION

For the foregoing reasons, Defendant the DLLR's Motion for Summary Judgment (Paper No. 32) is GRANTED with respect to the claim of unlawful retaliation. A separate Order follows.

Date: March 25, 2010                                /s/  *Richard D. Bennett*

                                                    Richard D. Bennett
                                                    United States District Judge